UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
STEVEN MANDELI,

                            **Plaintiff,**

                        **-against-**

HYUNDAI CAPITAL AMERICA
EXPERIAN INFORMATION SOLUTIONS, INC,
TRANS UNION, LLC
and EQUIFAX INFORMATION SERVICES, LLC,

                        **Defendants.**
-------------------------------------------------------------------x

**Case No. 2:25-cv-04619**

**COMPLAINT**

Plaintiff, STEVEN MANDELI ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law, brings this action against Defendants HYUNDAI CAPITAL AMERICA ("HCA"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION, LLC ("Trans Union") and EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. This action arises from the inaccurate and unfair reporting made by Defendant HCA regarding the repossessed vehicle, which was the subject of Plaintiff's lease agreement with an affiliate of HCA. Upon the lease's maturity, Plaintiff's wife reached out to Defendant HCA, and she was advised that she could continue making monthly payments without the need for a formal lease extension agreement. Relying on this verbal advice, Plaintiff made two additional payments beyond the original lease term. Despite these payments, Defendant HCA repossessed the vehicle.

2. Following the repossession, Defendant HCA inaccurately reported a repossession on Plaintiff's credit report, causing a significant credit score to drop of approximately 75 points.

3. Plaintiff brings this action against Defendant Hyundai Capital America for violation of Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), by failing to reasonably investigate the inaccuracy in Plaintiff's credit report after the Plaintiff raised concerns with Defendant HCA through dispute letters filed

1

with credit reporting agencies.

4. Plaintiff brings this action against Experian, TransUnion, and Equifax (collectively, the "CRA Defendants")—the three major national credit reporting agencies—for violation of FCRA, 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.*

5. Plaintiff further alleges that as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the vehicle repossession event, which was inaccurately listed on Plaintiff's consumer reports, caused him to suffer actual damages including, *but not limited to*, damage to reputation, adverse impact to his otherwise excellent credit score, in addition to the emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

6. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, and the NY FCRA, N.Y. GBL § 380 *et seq.*

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

8. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

9. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

10. Plaintiff, a natural person, is a resident of the State of New York, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

11. Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

12. Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of both the FCRA and

the NY FCRA.  <u>See</u> 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

13.  Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York.  Trans Union qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA.  <u>See</u> 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

14.  Defendant Hyundai Capital America is a corporation incorporated in California and duly authorized and qualified to do business in the State of New York.  HCA qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

<strong><u>FACTUAL BACKGROUND</u></strong>

15.  On July 25, 2021, Plaintiff entered into a 36-month lease agreement with Cars Unlimited of Suffolk for a 2021 Hyundai Sonata. Shortly thereafter, the Lease was assigned to an affiliate of Hyundai Capital America.

16.  As the lease's maturity date was approaching, Plaintiff's wife, acting on behalf of the Plaintiff, reached out to a Hyundai Capital  representative sometime in September 2024 to express their intention to extend the lease and inquired about the extension process.

17.  During their conversation, a Hyundai Capita representative verbally informed Plaintiff's wife that to extend the lease for an additional six months, they only needed to continue making monthly payments, without mentioning any requirement for additional paperwork or a formal extension agreement.

18.  Acting upon this verbal instruction, Plaintiff made two additional monthly payments in October and November 2024, which were beyond the original lease term.

19.  Despite these payments, on December 16, 2024, the vehicle was unexpectedly repossessed from Plaintiff's premises. Plaintiff initially believed the vehicle had been stolen and reported it to the police.

20.   Upon later reviewing his mail, Plaintiff discovered a "final notice" letter from Hyundai Capital advising that the lease had matured, and the vehicle needed to be returned.

21. When Plaintiff got in touch with the Hyundai Capital representative about the repossession, they were informed that the vehicle was taken because the lease had expired. Upon explaining that extra payments had been made for an extension, the representative stated that a specific form was required for any lease extension, a requirement Plaintiff and his wife had not previously been informed of.

22. Plaintiff wrote Defendant Hyundai Capital its first formal dispute letter on January 24, 2025.

23. On January 28, 2025, the Plaintiff filed complaint against Defendant Hyundai Capital with Division of Consumer Protection (DCP). However, citing an apparent dispute of fact, the DCP informed Plaintiff that no additional actions were available on his behalf.

24. Around the same time, Plaintiff submitted formal disputes to each of the Defendant credit reporting agencies, Experian, TransUnion, and Equifax, contesting the inaccurate information reflected in his credit report.

25. Plaintiff is informed and believes that each of the CRA Defendants forwarded the disputes to Defendant Hyundai Capital and that Hyundai Capital refused to reasonably investigate the Plaintiff's disputes and instead merely checked to see that the account was being reported as a repossession in their internal records.

26. Defendant Hyundai Capital then forward the results of each of those disputes to the respective CRA Defendants. Instead of conducting their own reasonable "reinvestigation" as require by the FCRA, each of the CRA Defendants merely "parroted" the results of Hyundai Capital dispute results and kept the inaccurate information on Plaintiff's credit reports.

27. On February 25, 2025, Plaintiff once again sent a dispute letter to Defendant HCA, and the same process repeated itself to no avail.

28. As a direct result of the repossession and its reporting by HCA, Plaintiff's credit rating plummeted by 75 points. His credit report now repeatedly indicates "Repossession" for each month since December 2024, including January and February 2025.

29. Plaintiff's decision to make additional payments beyond the original lease term was predicated on the

clear understanding that such payments would secure a lease extension. It defies logic that Plaintiff would render extra payments without this expectation, particularly given Hyundai's purported failure to question or clarify these additional transactions at the time they were received.

30. Plaintiff has suffered harm due to these circumstances, which were ultimately caused by the Defendants' conduct. The vehicle repossession event, which was inaccurately listed on Plaintiff's consumer reports, caused him to suffer actual damages including, *but not limited to*, damage to reputation, adverse impact to his otherwise excellent credit score, in addition to the emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

**FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA
Against All Defendants

1. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

2. Defendants Equifax, Trans Union and Experian each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the FCRA. See 15 U.S.C. § 1681a(d).

3. Such reports erroneously included false, misleading and derogatory information associated with subject leased vehicle.

4. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's disputes on the inaccuracy of the credit reports related to the subject repossession account.

5. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

6. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed information associated with the subject

repossession account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

7. After receiving notification of the Plaintiff's disputes from Experian, Trans Union and Equifax, Defendant Hyundai Capital America willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of Plaintiff's multiple disputes of the erroneous and derogatory information associated with the subject repossession account, and by failing to review all relevant information regarding Plaintiff's disputes thereof.

8. Defendant Hyundai Capital America willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information purportedly provided by the consumer reporting agency Defendants in conducting its reinvestigations of the disputed

9. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## SECOND CAUSE OF ACTION
VIOLATION OF THE NY FCRA
Against Defendants Equifax, Trans Union and Experian Only

10. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

11. Defendants Equifax, Trans Union and Experian each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the NY FCRA. See N.Y. GBL § 380-a(c)(1).

12. Such reports erroneously included false, misleading and derogatory information associated with the subject repossession account. Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380–j(a)(3).

13. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the

erroneous and derogatory information associated with the subject repossession account.

14. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject repossession account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

15. Defendants each published credit reports regarding the Plaintiff on multiple occasions containing the erroneous and misleading derogatory information associated with the subject repossession account, causing the Plaintiff to suffer economic harm via being denied credit, affecting his excellent credit standing, limiting his opportunities for credit, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

16. Accordingly, Defendants are thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

17. Plaintiff is thus further entitled to an injunction requiring the CRA Defendants to remove the erroneous and derogatory information associated with the subject repossession account from the Plaintiff's respective credit files, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: August 16, 2025　　　　　　　　　　Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
238 Merritt Drive
Oradell, NJ. 07649
(917) 734-6815
kmallon@consmerprotectionfirm.com
*Attorneys for the Plaintiff*